**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| In re: | : |
| | : Bankruptcy No. 24-11138-pmm |
| MICHAELA C. HAYES, | : |
| | : Chapter 7 |
| Debtor. | : |

---

# **INTERESTED PARTY, ING PROPERTIES, LLC'S MOTION TO DISMISS**

Interested Party, ING Properties LLC ("ING"), by its undersigned counsel, for its Motion to Dismiss Bankruptcy Case, alleges as follows:

## I. **PROCEDURAL BACKGROUND**

1. This is a case that was commenced by Debtor Michaela Hayes ("Hayes") in the United States Bankruptcy Court for the District of New Jersey, Newark Vicinage, on the eve of a contempt hearing in this court against Hayes for her conduct in the related bankruptcy case of *LYM Development, LLC*, No. 23-11435-pmm. ING filed a Motion to Dismiss or alternatively to transfer to this court. Because the issue of transfer is a threshold issue, Judge Sherwood granted the motion to transfer and left the issues on the motion to dismiss for this court. ING now re-files the Motion to Dismiss for bad faith.

## II. **FACTUAL BACKGROUND**

2. ING issued a construction loan to an entity known as LYM Development, LLC ("LYM"). LYM's two principals were the Debtor, Michaela Hayes ("Hayes") and Zorana Mitic ("Mitic").[1] Hayes defrauded ING by presenting ING fake and altered invoices and other fraudulent

---

[1] A copy of LYM's Operating Agreement, produced during discovery in its bankruptcy proceedings, is attached hereto as **Exhibit "A."**

documentation to induce ING to advance loan funds. Hayes then used LYM as her personal bank account, misappropriating hundreds of thousands of dollars in both direct payments and personal expenditures such as luxury travel, luxury goods and experiences, food and clothing. Hayes also diverted hundreds of thousands of dollars to an entity, Orchid Ventures, LLC, owned in name only by Hayes' father but which was used by Hayes as one of several interchangeable entities in which she purchased real estate.[2]

3. ING was fraudulently induced to make approximately $1 million in loan advances to LYM by Hayes, in addition to advancing just under $1 million for the acquisition of property on which LYM was to build six (6) townhouses at 901-911 Emily Street in Philadelphia (the "Project").

4. However, Hayes misappropriated the funds advanced by ING, and the project never progressed beyond a foundation, built without permits, that will have to be demolished.

5. When LYM failed to repay the loan when due, ING confessed judgment against LYM in the Philadelphia Court of Common Pleas at Docket No. 221201606 on December 16, 2022 in the amount of $2,588,956.32 (the "State Court Action"). A copy of the docket in the State Court Action is attached hereto as **Exhibit "B."**

6. Hayes refused to cooperate with post-judgment discovery, and still refused to obey an Order compelling her to produce documents and appear for a deposition. Accordingly, on May 8, 2023, ING filed a petition to hold Hayes in contempt. *See* Exhibit "B" at entries dated April 25, 2023 and May 8, 2023.

---

[2] Another such entity is Drew Developments, LLC, an entity owned in name only by Torean Gardner, with whom Hayes has resided, but used by Hayes as her personal entity.

7.  With the petition to contempt pending,[3] Hayes filed a Chapter 11 petition for LYM on May 17, 2023 in the United States Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 23-11435-PMM. A copy of the LYM bankruptcy docket is attached hereto as **Exhibit "C."**

8.  In the bankruptcy proceedings, ING moved for a Rule 2004 examination of Hayes (Docket No. 58). After LYM opposed the motion, the motion was granted by Order dated July 17, 2023.

9.  Pursuant to the Rule 2004 Order, ING obtained the bank records of LYM and took the deposition of Hayes in which she took the Fifth Amendment eleven (11) times upon questioning her as to whether she presented altered and fraudulent documents to obtain loan draws from ING. *See* Hayes' deposition in the LYM bankruptcy proceedings (**Exhibit "D"** hereto) at pp. 213-225.

10. Hayes' invocation of her Fifth Amendment privilege entitles ING to an adverse inference that she committed fraud and falsified documents. *See Baxter v. Palmigiano*, 425 U.S. 308, 317 (1976) (Fifth Amendment allows court in civil proceedings to take adverse inference when they refuse to testify in response to probative evidence offered against them); *Harmon v. Mifflin Co. School Dist.*, 552 Pa. 92, 99, 713 A.2d 620, 623 (1998) ("The inference discussed in *Baxter* is akin to the well-established rule in civil proceedings that a party's failure to testify can support an inference that whatever testimony he could have given would have been unfavorable to them. Our case law indicates that the inference to be drawn from a party's failure to testify serves to corroborate the evidence produced by the opposing party."). The *Baxter* negative

---

[3] The State Court issued an Order holding Hayes in contempt and fining her $1000 per day for refusing to produce documents which would reveal what happened to the money that was loaned. That Order was stayed by the filing of the LYM bankruptcy petition by Hayes.

-3-

inference applies in bankruptcy cases. *In re Lopez*, 2010 WL 5055826 (at *6) (Dist. Ct. D.N.J. 2010), *citing in re Moses*, 792 F.Supp. 529, 538 (Dist.Ct. E.D. Mich. 1992).

11.     Ms. Hayes also admitted to using the LYM company bank account for over $300,000 in personal expenses, including but not limited to a $4,500 bill at the Four Seasons Hotel, trips to Las Vegas, California and St. Thomas, VI, hair, nail and spa charges, $10,000 in charges for Saks Fifth Avenue and Victoria's Secret and thousands of dollars in cash withdrawals. *See* Hayes deposition at pp. 231-250.  There is no issue of fact that Hayes used LYM as her personal alter ego, taking investment funds and loans for personal use while contributing no personal capital to the venture.  Every dollar she spent on these luxuries was "other peoples' money."

12.     Ms. Hayes' partner, Ms. Mitic's, deposition also was taken in a related state court case (**Exhibit "E"** hereto).  She admitted to being Hayes' partner (Dep. at p. 70:22-24).  She admitted that neither she nor Ms. Hayes invested capital or put money into LYM (Dep. at p. 65:10-12), that she was unaware of any corporate formalities such as bylaws, minutes, resolutions or other records (Dep. at pp. 66:15-67:17); she never saw a tax return for LYM ( Dep. at p. 72:17-18).[4]  She signed loan documents with factoring companies for receivables that did not exist (Dep. at pp. 134:11-155:3).[5]  Finally, she signed investment contracts with investors in LYM falsely identifying properties LYM did not own as being the subject of the use of investor monies and the monies were not used for the stated purposes.  Dep. at pp. 108:20-127:7.

13.     Ms. Mitic also testified that for the entire time period LYM was misappropriating investor monies, Hayes' primary residence was located at 1327 South Taylor Street, Philadelphia,

---

[4] Indeed, LYM never filed a tax return, nor has Ms. Hayes personally during this period, which also is a "badge of fraud," in addition to understatement of income, inadequate or falsified records, concealment of behavior and concealing assets. *United States v. Schmidt*, 2016 WL 7230503 (at *2) (E.D. Wash. 2016). All of these badges of fraud exist in this case.

[5] Mitic testified that Hayes actually applied for these loans and asked her to sign the papers, which she signed because she trusted Hayes. Mitic dep. at 136:8-17.

PA. *See* Mitic Dep. at p. 167:20-24 (Q: "[i]t has an invoice address at Drew Developers at 1327 South Taylor Street. Do you know what that address is? A: Yes, that Michaela's [Hayes] house, where she lives with her kids.").[6]

14. Ms. Mitic also testified that Drew Development, LLC, which Hayes claims in her current Schedules is her "employer" is Hayes' own company. Mitic Dep. at p. 168:1-3, and that the 1327 South Taylor Street address was the address for Drew. *Id*. Indeed, public records reflect that address has been used by both LYM and Drew. *See* **Exhibit "F"** hereto.

15. The evidence adduced by ING of Hayes' fraud and misuse of the Bankruptcy Code is overwhelming. Attached hereto as **Exhibit "G"** is the affidavit of Mike Ciric ("Ciric Aff."), the principal of ING which was submitted in a related state court case against Hayes in support of summary judgment. As set forth in the Ciric Aff., defendants submitted draw requests in the form attached to the affidavit as Exhibit "A" (attaching checks she claimed to have written to subcontractors). After obtaining bank records in the LYM bankruptcy, the documents were shown to be altered from the form set forth in Exhibit "B" to the affidavit, reflecting actionable fraud. *See* Ciric Aff. at ¶¶ 7-10, 13-15 and Exhibits "A" – "F" thereto.

16. As detailed in the Ciric Affidavit, a review of LYM's bank records provided in the bankruptcy reveals that hundreds of thousands of dollars in loan and investment proceeds were misappropriated by the defendants for personal expenses, cash and luxuries. Attached to the Ciric Affidavit is a compilation of personal expenses and cash taken by Hayes for, among other things clothing, spa expenses, gym fees, Amazon purchases, restaurant meals, a $4,500.00 and an $1,105.00 bill at the Four Seasons Philadelphia, a $10,000.00 shopping spree at Saks Fifth Avenue,

---

[6] Remarkably, Hayes' children have disappeared for the purposes of this bankruptcy filing. *See* Schedule J, Item 2 (no dependents). *Also see* Hayes Dep. at pp. 14:13-15:4. (Hayes lives with her 2 children, ages 9 and 16 as of August 2023).

-5-

plane trips and hotels in Las Vegas, (where thousands of dollars were spent on clothing, jewelry and other luxuries), St. Thomas, VI, Kalahari Resort in the Poconos, Los Angeles, San Francisco and San Juan, P.R.  Additionally, Hayes withdrew tens of thousands of dollars in regular $1,500.00 withdrawals and "self-lend" transactions.  Altogether, there were $304,995.05 in personal expenses and cash taken from the LYM account into which ING's loan monies were wired from November, 2021 to March, 2023.  *See* Ciric Aff. at ¶¶ 17-18 and Exhibit "G" thereto.

17. Hayes acknowledged that she used the corporate account for these expenses.  *See* Exhibit "D" hereto at p. 206 (Hayes shown compilation of expenses and does not dispute the charges and withdrawals).

18. In short, LYM merely was a bank account funded by a fraudulently procured loan and investment funds which Hayes and Mitic misappropriated and Hayes then used as her personal bank account to fund luxury travel, food, clothing and entertainment purchases as well as cash needs, without any capital contributions from either partner.

19. Hayes also used monies loaned to LYM and invested in LYM to purchase and improve properties in the name of Orchid Ventures, LLC, a company Mitic testified was used by Hayes as her own entity.  *See* Mitic Dep. at pp. 94:15-97:9.

20. Because of the fraud revealed at Hayes' Rule 2004 examination, the U.S. Trustee moved to convert the LYM bankruptcy case to a Chapter 7 on August 23, 2023.  That motion was granted by Order dated September 13, 2023.  *See* **Exhibit "H"** hereto.

21. On August 25, 2023, ING filed a motion to compel Hayes to comply with the Rule 2004 Order and produce all information on her laptop, iPhone and in a storage unit that she had admitted contained records of expenditures and transfers of funds.  That motion was granted by Order dated October 2, 2023.  *See* **Exhibit "I"** hereto.

22. Hayes again refused to obey this Order and her default was certified to Judge Mayer, who issued an Order on November 8, 2023 holding her in contempt, fining her $3,000 and directing Hayes to comply with the October 2, 2023 Order by November 14, 2023 and that any failure to comply would "amount to contempt of court and will merit the imposition of sanctions against Ms. Hayes." *See* **Exhibit "J"** hereto.

23. Hayes <u>still</u> refused to obey the discovery order and, upon another certification of default, she was held in contempt by the bankruptcy court by Order dated December 15, 2023. **Exhibit "K"** hereto. That Order fined Hayes $3,000 and further stated that if Hayes failed to comply fully, Hayes would be held in contempt, "and face additional sanctions included [sic] but not limited to incarceration . . ."

24. Hayes produced the laptop, but refused to provide the passwords nor provide the passwords for her Apple account and the Trustee certified another default. The Court scheduled a contempt hearing for February 28. *See* **Exhibit "L"** hereto.

25. Hayes then filed her individual bankruptcy in Newark, New Jersey, claiming a residence she does not own, nor pay rent for. This was a sham filing at a manufactured address for a bad faith purpose.

26. All the time Hayes has been claiming to have no income as reflected in her Schedules in this case, she has been taking luxury vacations about which she publicly boasts on her Instagram account. *See* **Exhibit "M"** hereto, in which she was partying in Sedona, AZ in late January 2024, on a beach vacation six (6) weeks earlier, as well as holidays in Houston, Antigua and Barbuda and other vacation resorts throughout 2023. This is a person who stole over $1 million from ING and other investors and reports <u>no income</u> over the past year on her Schedules.

**Motion To Dismiss For Bad Faith**

27. ING repeats and incorporates by reference its allegations in Paragraphs 1 – 25 of this motion as if set forth at length herein.

28. In the Third Circuit, a bankruptcy court may dismiss a Chapter 7 petition "for cause if the petitioner fails to demonstrate his good faith in filing." *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000).

29. Once a movant "calls into question" a debtor's good faith, it becomes the debtor's burden to establish that the petition was filed in good faith. *Id*. at 207.

30. Filing of a case on the eve of a contempt hearing in another court, is indicative of bad faith. *In re Matick*, 496 B.R. 792, 802 (Bankr. W.D.N.C. 2013); *in re Kirschner*, 246 B.R. 495, 497-98 (Bankr. M.D.Pa. 2000).

31. This is the second bankruptcy filed by Hayes on the eve of substantial contempt sanctions. She filed the corporate bankruptcy days prior to a scheduled contempt hearing and now has filed this bankruptcy only after being threatened with incarceration by the bankruptcy court in Philadelphia.

32. Her Schedules are materially false and misleading. As noted above, she reports no income, no payment of rent, no children, no bank accounts and no assets other than two expensive cars for which she somehow obtained financing in the past year. Yet she takes frequent expensive trips and somehow pays for her vehicles and the support of her children whose existence is not disclosed on her current Schedules.

33. She discloses no lawsuits against her, but in reality, is a defendant in numerous lawsuits due to her fraud. *See* Philadelphia Court of Common Pleas list of lawsuits against Hayes (**Exhibit "N"** hereto).

34. Among other misstatements in Hayes' Schedules are the following:

-8-

  (a) Hayes fails to reveal the LYM Development bankruptcy in Part 2, Item 10;

  (b) Hayes fails to reveal her affiliation with LYM in Part 3, Item 12 and Part 4, Item 19;

  (c) Hayes falsely represents that her debts are primarily consumer debts when they virtually are all business debts arising from LYM (Part 6, Item 16a);

  (d) Hayes falsely alleges that she has no cash when she admits to taking thousands of dollars in cash withdrawals from LYM and has taken luxury trips as displayed on her Instagram account throughout 2023 and into 2024 (Part 4, Item 16);

  (e) She omits to state the date of her two auto loans and how she is paying those loans (Schedule D, Items 2.1; 2.2);

  (f) She claims to be employed by Drew Developments, a company she controls, and states a monthly income, but reports no income in the two years prior to this bankruptcy filing (Schedule I compared with Statement of Financial Affairs, Item 4);

  (g) She denies having dependents (Schedule J, Item 2) after admitting at her Rule 2004 examination that she has two minor children living with her (Exhibit "D" hereto at pp. 14:13-15:4); and

  (h) She denies living at any other address than the supposed North Bergen address in the last three years (Statement of Financial Affairs, Item 2) when she has lived in Philadelphia and several other New Jersey addresses prior to that.

  35. Finally, filing a Petition in a district away from your commercial activities, lawsuits against you and where you recently lived is deemed *per se* bad faith and forum shopping. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1395 (11th Cir. 1988); *in re Pappas*, 7 B.R 488, 490 (Bankr. D.Mass. 1980).

36. Hayes' bad faith was already proven in the LYM Development case, where the case was converted on motion by the U.S. Trustee to Chapter 7 on account of bad faith. Indeed, the Trustee filed his motion after a deposition where Hayes' defalcations were revealed.

37. For the three (3) years prior to this filing, Hayes lived and worked in Philadelphia running the equivalent of a Ponzi scheme using the entities known as LYM Development, Orchid Ventures and Drew Development and using the money that lenders and investors advanced to those entities as her own personal property. *See* Mitic Deposition (Exhibit "E" hereto) at pp. 167:20-24; 168:1-3; Hayes Dep. (Exhibit "D" hereto) at pp. 238:10-248:1 (Hayes acknowledges that she took funds from the LYM Development bank account for trips to Las Vegas, California and St. Thomas, shopping sprees at Macy's, Saks Fifth Avenue and Victoria's Secret and hotel and restaurant charges at the Four Seasons, Philadelphia and spa and doctor's visits, but claims they were business expenses.)

38. After ING obtained the banking records for LYM Development, it computed that Hayes misappropriated over $300,000 in personal expenses and cases and over $200,000 was misappropriated to purchase property in Philadelphia in the name of Orchid Ventures, which her partner, Mitic, testified was one of the three limited liability companies she used interchangeably as her own. *See* Ciric Aff. at ¶¶ 16-18 and Exhibits "G" and "H" thereto; Mitic Dep. at pp. 94:15-97-13.

39. Despite falsely representing in her Schedules that there are no pending lawsuits against her, public dockets reveal eight (8) cases which are pending against Hayes in the Philadelphia Court of Common Pleas (Exhibit "M" hereto).

40. All of Hayes' business activities during the prior three (3) years occurred in the Philadelphia area, where she resided in a home at 1327 South Taylor Street, which was used as

address for both LYM and Drew Developments name of Drew Developments, one of her interchangeable LLC's she used to defraud her lenders and investors. *See* Mitic Dep. at pp. 167:20-168:3; Westlaw Property Record for that address (Exhibit "F" hereto) (1327 S. Taylor Street is an address for both LYM and Drew Developments). None of this is disclosed in Hayes' Schedules.

41. By reason of the foregoing, the Chapter 7 Bankruptcy Petition filed by Hayes was filed in bad faith and should be dismissed.

WHEREFORE, this Court should dismiss the case for bad faith.

WILENTZ, GOLDMAN & SPITZER, P.A.

Date: April 24, 2024

BY: */s/ Jonathan J. Bart*
Daniel S. Bernheim, 3d, Esquire
Jonathan J. Bart, Esquire
Attorneys for Creditor, ING Properties LLC

Two Penn Center, Suite 910
Philadelphia, PA 19102
(215) 636-4466
jbart@wilentz.com