```
                    UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE:                              .  Chapter 7
                                    .  Bankr. No. 24-11138 (PMM)
MICHAELA C. HAYES,                  .
                                    .
                                    .
                                    .  Courtroom No. 1
                                    .  900 Market Street
            Debtor.                 .  Philadelphia, PA 19107
                                    .
                                    .  Wednesday, May 22, 2024
. . . . . . . . . . . . . . . . .      9:30 a.m.

                        TRANSCRIPT OF HEARING
                BEFORE THE HONORABLE PAMELA M. MAYER
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:             Aniello Cerreto, Esquire
                            LAW OFFICE OF ANIELLO D.
                               CERRETO, ESQUIRE
                            215 Gordon's Corner Road
                            Suite 1i
                            Manalapan, New Jersey 07726

For the Movant,
ING Properties LLC:         Jonathan Bart, Esquire
                            WILENTZ GOLDMAN & SPITZER, P.A.
                            Two Penn Center
                             Suite 910
                            Philadelphia, PA 19102


Audio Operator:             Christopher Caruso, ECRO

Transcription Company:      Reliable
                            The Nemours Building
                            1007 N. Orange Street, Suite 110
                            Wilmington, Delaware 19801
                            Telephone: (302)654-8080
                            Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

```
 1                                  INDEX

 2   MOTION:                                                   PAGE

 3       Motion to Dismiss Case, Dismiss for Bad                 3
         Faith Filed by ING Properties LLC,
 4       Represented by Jonathan J. Bart (Counsel)

 5       Court's Ruling:                                        11

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            (Proceedings commenced at 9:38 a.m.)
 2            THE CLERK:  Matter No. 6, Michaela Hayes.  Motion
 3  to dismiss case.
 4            MR. BART:  Good morning, Your Honor.  Jonathan
 5  Bart, Wilentz Goldman & Spitzer, on behalf of the movant, ING
 6  Properties.
 7            THE COURT:  Okay.
 8            MR. CERRETO:  Good morning, Judge.  Aniello
 9  Cerreto for Michaela Hayes.
10            THE COURT:  Okay.  I note that Ms. Hayes is not
11  here.
12            MR. CERRETO:  Yes, Judge.  She is aware.  She is
13  available.  She is with her grandmother.  She also apologized
14  because she was notified of the date when Mr. Bart filed the
15  application and my concerns, obviously, Judge, were with the
16  timeliness of everything getting the -- I am a small solo,
17  Judge, I do all my own work, pro hac vice, and everything. I
18  appreciate it.  Thank you.  You know, getting her objecting
19  certification and I just assumed she was going to be here. I,
20  obviously, got up early today at five and got myself here.
21            If we need her -- I mean, it's a motion, we know
22  what she is going to say, it's in her cert.  So, if we need
23  her, we can reach her, but I have made her aware of that.
24  She conveyed her apologies and I can show you that, but that
25  is the status.
```

1            THE COURT: Okay. Mr. Bart, its your motion.

2            MR. BART: Ms. Hayes, whose corporate bankruptcy

3 was filed on the eve of a contempt hearing in State Court and

4 was converted to Chapter 7 based on the evidence of fraud and

5 misappropriation of lender of investor funds, filed this

6 bankruptcy in Newark on the eve of a contempt hearing in this

7 Court. She has no personal residence there. Her business was

8 here and as with her corporate filing, the bankruptcy was

9 filed in an attempt to obtain a strategic stay.

10            In State Court, we had a personal action against

11 her and Ms. Miditch (phonetic), her former partner, where we

12 had filed a summary judgment motion that was pending against

13 her when this bankruptcy was filed. This filing has stayed

14 two State Court actions against her and her collaborators,

15 one being Ms. Miditch and the other being her father who is

16 the named partner of Orrick Adventures (phonetic).

17            Her schedules are facially false and misleading.

18 She reports no income, I don't know how Mr. Aniello is being

19 paid, but he apparently is, while posting Instagram photos of

20 her on a regular basis on vacation, resorts, and pricey

21 events. She fails to report any of her past activities in

22 her schedules. She reports no lawsuits, no bank accounts.

23 She even fails to disclose that she has two children, which

24 she testified lived with her at her 2004 examination. She

25 did not disclose the corporate bankruptcy.

1        She falsely claimed her debts were consumer debts
2   when we all know that they stem from the development and
3   related entity bankruptcies.  She falsely claims employment
4   with Drew Development, which is a company she controlled,
5   although in her response that she just filed she claims she
6   is no longer employed by it.  So, we don't know that she has
7   any income whatsoever.  She certainly doesn't disclose it.
8   And she claims to have lived at her North Bergen residence
9   for the last three years that she neither owns nor pays rent
10  for.  We know that she was living and working on an address
11  in South Philadelphia which also was the address of Drew
12  Development, her partner Miditch testified that is where she
13  lived with her children.
14        Now her response to this filing that we just
15  received, which contains no law nor evidence other then her
16  say so, could be summarized in three points:
17        One, I am entitled to a life.
18        Two, my attorney tells me that I am entitled to a
19  presumption of innocence.
20        Three, I only stole $1 million from ING, not $2
21  million, because $1 million went into buying the property. I
22  will grant her the last is correct.
23        She cannot deny that in response to questions of
24  whether she submitted altered and bogus checks and invoices
25  to support her loan draw requests she took the fifth nine

1  times at her 2004 examination.  She claims she is entitled to
2  a presumption of innocence, which is true in criminal court,
3  but this is not a criminal court.  She is seeking bankruptcy
4  protection and there is an inference plus we submitted an
5  affidavit from Mike Syric (phonetic), the principal of ING,
6  showing the checks that actually existed and how they were
7  submitted which comports with what she was asked at the
8  deposition.  So, her taking the fifth is an admission that
9  she committed fraud in obtaining loan draws which will
10 preclude her from getting a discharge in any event.
11         So, given the fact that the burden of proving good
12 faith once the question of whether she filed in good faith is
13 her burden. She is not here. She has presented no evidence. I
14 think that its time to let us move forward in State Court. I
15 don't quite understand if she has no assets, which she is
16 worried about a judgment for, but she certainly has contested
17 every step of the way.  I think its time for this to be
18 dismissed, hopefully with prejudice, so that when we get
19 summary judgment we are not on the verge of another file.
20         Thank you.
21         THE COURT:  Okay.
22         MR. CERRETO:  Hello, Your Honor.
23         THE COURT:  Hello.
24         MR. CERRETO:  While my adversary is very competent
25 and very eloquent, I do take some exception to his use of

1   criminal type of terms towards my client as conclusions. I am
2   not aware that my client is being criminally prosecuted.  I
3   also note from the motion, I realize that my client's
4   petition may have to be amended because it was disclosed that
5   she is a defendant in some other lawsuits.  So, that may have
6   to be included in the petition.
7           I am certainly duty bound to comply with the local
8   rules. I am a New Jersey attorney.  I would ask, Your Honor,
9   that when you review the petition to consider how many
10  general contractors get into financial trouble, especially
11  since the pandemic, certainly comingling funds, bad
12  accounting, poor management is not by itself bad faith. It is
13  certainly unwise. It's certainly bad financial practice, but
14  it is not, by intent, presumed to be an intent to deceive.
15          Intent to deceive has not been found by a court.
16  Was the debtor sued for fraud or collection of a civil debt,
17  it was a civil debt, certainly if there was a criminal case
18  they could seek restitution, but it's a civil case. It does
19  appear, to Mr. Bart's admirable credit, (indiscernible)
20  counsel, certainly zealous, its what a lawyer is supposed to
21  be.
22          From a practical standpoint do they want to sue
23  her indefinitely, not allow her to exercise her, essentially,
24  civil right to declare a 7 once every eight years.
25  Obviously, financial, administrative, and managerial mistakes

1  or decisions were made, no doubt.  It doesn't make it
2  intentionally deceptive.
3            THE COURT:  Does it have to be?  Under the Third
4  Circuit decision in <u>Tamecki</u> does it have to be intentional?
5            MR. CERRETO:  I am just using a common mind, but
6  they are accusing her of deceiving and intending to defraud.
7  So --
8            THE COURT:  No, what they are accusing her of is
9  filing in bad faith and under the totality of circumstances
10 test I would think that that would be relevant, but I don't
11 know that I need to find a bad intent in order to dismiss.
12 So, please address that for me.
13           MR. CERRETO:  I'm sorry, could you ask me once
14 more?
15           THE COURT:  Address for me her intention in filing
16 in light of the various issues that Mr. Bart has brought to
17 light.  The fact that she doesn't live in New Jersey, the
18 fact that her schedules are less then accurate, the fact that
19 there are two State Court actions going on which is what she
20 appears to have filed to avoid.
21           MR. CERRETO:  Right. She maintains that -- I have
22 never gotten any indication from her, in my short time of
23 representing her, that she was forum shopping.  She had
24 indicated that the address in the petition was where she was
25 living.  I can certainly explore more in depth with her,

1 either --

2 　　　　THE COURT:  But she is not here.

3 　　　　MR. CERRETO:  Well, we can call her if you want to
4 take testimony.

5 　　　　THE COURT:  Here is my problem, right, and I get
6 that you are a New Jersey practitioner and I am not going to
7 give you a hard time about that.

8 　　　　MR. CERRETO:  Well, I was going to say I have no
9 objection to exploring it in depth.

10 　　　　THE COURT:  Hold on.  Today was the hearing for
11 her to present testimony to rebut what Mr. Bart has put
12 before the Court.  You are here, I get that.  She is not.
13 Under our rules unless you ask for permission, a
14 certification is not going to be accepted as evidence. So,
15 the fact that she is not here to present any evidence I don't
16 know what I am supposed to do with her burden.

17 　　　　MR. CERRETO:  Well, then I will ask that her
18 certification be accepted as evidence because she gave it
19 under oath.  As I indicated, she is available if you have any
20 questions.

21 　　　　THE COURT:  She has been available before and she
22 has been here before. So, I don't really understand why she
23 is not here today other then to possibly evade testimony
24 under oath here.

25 　　　　MR. CERRETO:  Well, she did indicate today that

1  she apologized and it was an oversight by her even though I
2  had made her aware and she was notified.
3              THE COURT:  Yeah, I'm not buying that.
4              MR. CERRETO:  I can only tell you what I know,
5  Judge.  I just have two more points and then I will finish.
6              THE COURT:  Okay.
7              MR. CERRETO:  The obligor had the misfortune,
8  whether through bad decisions or otherwise, she maintains
9  that, you know, she comingled things as a GC and she couldn't
10 keep the project rolling.  Mr. Bart, obviously, their
11 position is that whether you call it bad management or
12 utilizing private funds the debtor is disputing that the
13 allegations.
14             It was less then $1 million, they acknowledge
15 that. She plead the fifth not on an advisement by this
16 counsel, but she has other counsel.  I understand it was the
17 corporate bankruptcy attorney. Don't quote me, but that is my
18 recollection from my prior discussions.  Asserting the fifth
19 amendment certainly is not an admission of guilt. I
20 understand -- I have enough experience to understand that the
21 criminal bar, the prosecutorial bar, when you plead the fifth
22 takes that as an indication of guilt, but that doesn't mean
23 that it is an indication of guilt and we're not in a criminal
24 court.  We are in a civil matter over a civil debt.
25             So, the fact that she plead the fifth because of

1  whether it was her addressing time or, you know, dauget
2  (phonetic) lawsuits, I don't think that should be necessarily
3  taken as bad faith.  She is not a lawyer.  Lawyers advise
4  things. Its not unusual for clients to, whether wisely or
5  unwisely, there is good lawyers, there's bad lawyers, there's
6  middle of the road lawyers, to accept the advice and to plead
7  the fifth is not necessarily -- its not an inappropriate
8  thing.
9              I would ask, Your Honor, many, many banks,
10 creditors, get discharged every day.  It is a larger matter
11 then the normal course. It was an attempt to repair
12 properties, it didn't work out. I would humbly ask Your Honor
13 to allow this civil matter to end and her Chapter 7 to
14 proceed and to put an end to it. It's not something that she
15 is proud of, it's not something that can be repeated, and for
16 judicial economy concerns I would ask that it end.
17             Nothing further, Your Honor.
18             THE COURT:  Okay.  A couple of things.  First, let
19 me say that I am incredibly disappointed that your client is
20 not here. I think that she understands this process and has
21 been here several times before.  I take her absence here as
22 an indication that she did not want to testify today and did
23 not want to present evidence because she either has none or
24 is not confident that it's going to carry the day.
25             Having said that, Mr. Bart has made out a credible

1  case of bad faith with respect to the timing of the filing,
2  the lack of clarity for schedules, the pretty much bare bones
3  petition that was filed, the lack of income information,
4  asset information; all of which is pretty routine in a
5  Chapter 7 case.  I don't see any intention to use the
6  bankruptcy process in an appropriate way here.  Instead, what
7  I see is an abuse of the process and I don't take that
8  lightly because Chapter 7 is something that is certainly open
9  to honest debtors that are looking to reframe their financial
10 situation and I understand that.  I think that that is
11 something not to take lightly here; however, her behavior
12 dictates against that.
13         Everything about this case, from its inception in
14 filing in New Jersey, appears to be an attempt to evade what
15 is going on in her corporate case as well as what is going on
16 in State Court.  So, for that reason I do find that there has
17 been egregious behavior here and as a result bad faith which,
18 in my mind, is cause for dismissal.
19         To the extent that this behavior has escalated
20 over time and seems to have no end I don't believe that
21 simple dismissal is the best here. I think dismissal with
22 prejudice is in order and I will enter that order.
23         Mr. Bart, I presume that you have a proposed order
24 attached to your --
25         MR. BART:  I do, Your Honor.

```
 1              THE COURT:  Okay.  What I will do is I will
 2   dismiss it with a one-year bar to refiling without permission
 3   of the Court.  I will get that entered as soon as I get a
 4   chance to review it.  So, thank you.
 5              MR. BART:  Thank you, Your Honor.
 6              MR. CERRETO:  Thank you, Judge.
 7         (Proceedings concluded at 9:55 a.m.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    CERTIFICATION
 2           I certify that the foregoing is a correct
 3   transcript from the electronic sound recording of the
 4   proceedings in the above-entitled matter to the best of my
 5   knowledge and ability.
 6
 7   /s/ Tracey J. Williams                    July 19, 2024
 8   Tracey J. Williams, CET-914
 9   Certified Court Transcriptionist
10   For Reliable
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```